# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL THOMAS HURTH,<br><br>   Petitioner,<br><br>   v.<br><br>MICHAEL KNOWLES, Warden,<br><br>   Respondent. | 1:05-CV-0597 OWW SMS HC<br><br>ORDER CONSTRUING RESPONDENT'S MOTION FOR LEAVE TO FILE MOTION TO DISMISS AS MOTION FOR LEAVE TO SUPPLEMENT ANSWER AND ORDER GRANTING SAME<br>[Doc. #7]<br><br>ORDER GRANTING PETITIONER LEAVE TO FILE SUPPLEMENTAL TRAVERSE |

Petitioner is a state prisoner proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner is represented in this matter by Kent A. Russell, Esq.

On December 16, 2005, Respondent filed an answer to the petition. Petitioner filed his traverse to the answer on March 20, 2006. On March 31, 2006, Respondent filed a motion for leave to file a motion to dismiss for violation of the statute of limitations along with said motion to dismiss. Petitioner filed an opposition on June 8, 2006, and Respondent filed a reply to the opposition on June 13, 2006.

## DISCUSSION

Pending before the Court is Respondent's motion for leave to file a motion to dismiss. Respondent requests leave to file his motion based on a change in the law. Specifically, on January 10, 2006, the Supreme Court issued its opinion in Evans v. Chavis, 126 S.Ct. 846 (2006),

which held, inter alia, that a federal court hearing a subsequent federal habeas petition "must decide whether the filing of the request for state-court appellate review (in state collateral review proceedings) was made within what California would consider a reasonable time," so as to render the state petition "pending" and in turn toll Antiterrorism and Effective Death Penalty Act's (AEDPA) one-year limitations period pursuant to 28 U.S.C.A. § 2244(d)(1)(A).

     Respondent argues that he could not raise this issue before or at the time he filed his answer because the Supreme Court did not rule on the issue until after he had filed his answer. Petitioner argues that Respondent deliberately waived the defense by failing to assert it in the answer and by delaying from the time the Supreme Court issued the opinion until now. Normally, the state waives the defense by failing to assert it in the first responsive pleading. However, in this case the affirmative defense was not a viable defense under the state of the law at the time Respondent filed his answer. It only became so when the Supreme Court issued its opinion in <u>Evans</u> and changed the law. In addition, Respondent did not intentionally ignore the Court's order of May 18, 2005. As stated in the order dated September 7, 2005, the Clerk of Court did not electronically serve Respondent with the May 18 order. Therefore, Respondent was not given notice of the order and cannot be faulted for his failure to respond. With respect to the four month delay in raising this issue, it is not unusual for the Office of the Attorney General to require such additional time given their vast amount of cases, and four months is not unduly dilatory. Therefore, the Court does not find that Respondent deliberately waived the defense. In any case, the Court has the authority to raise the statute of limitations bar *sua sponte*. <u>See</u> <u>Herbst v. Cook</u>, 260 F.3d 1039, 1043 (9th Cir. 2001).

     Petitioner states he has expended substantial time and money in preparing his traverse to the answer. He argues that he will be greatly prejudiced if the motion were to be entertained at this juncture. Petitioner's arguments are persuasive. As Petitioner points out, this issue, if fully litigated, can potentially take on a life of its own. It could be years before the merits of the petition were addressed, if ever. Therefore, in the interest of judicial economy, the Court will address the statute of limitations defense by construing Respondent's motion to dismiss as a motion to supplement the answer. The motion will be granted and Petitioner will be given an opportunity to file a supplement to the traverse.  The issue will then be addressed along with the merits of the petition.

1 **ORDER**

2     Accordingly, it is HEREBY ORDERED that:

3     1.   Respondent's motion to dismiss is CONSTRUED as a motion to supplement the

4         petition;

5     2.   Respondent's motion to supplement the petition is GRANTED; and

6     3.   Petitioner is GRANTED leave to file a supplement to the traverse within thirty (30)

7         days of the date of service of this order.

10 IT IS SO ORDERED.

11 **Dated:**   **July 6, 2006**                       /s/ **Sandra M. Snyder**
icido3                                        UNITED STATES MAGISTRATE JUDGE