# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL THOMAS HURTH, | 1:05-CV-00597 OWW JMD HC |
| Petitioner, | ORDER GRANTING PETITIONER'S MOTION FOR EXTENSION OF TIME [Doc. 40] |
| v. | |
| ROSANNE CAMPBELL, | ORDER REQUIRING EXCHANGE OF EXHIBITS AND WITNESS LIST |
| Respondent. / | |

Petitioner is a state prisoner proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

On February 19, 2009, Respondent filed a motion for discovery, requesting the Court to direct Petitioner to produce documents. (Court Doc. 39). Pursuant to the scheduling order issued by the Court on September 6, 2005, all opposition must be filed within eight days of the motion, plus an addition three days for mailing.

On March 2, 2009, Petitioner filed a motion to extend the time to file an opposition to the discovery motion. (Court Doc. 40). Petitioner seeks a thirty days extension, until April 1, 2009, to file an opposition as Petitioner's counsel will be out of the country until March 12, 2009.

The Court notes, however, that the discovery motion pertains to an evidentiary hearing scheduled for April 28, 2009. The Court finds that Petitioner's proposed deadline would greatly curtail the time both parties have to prepare for the evidentiary hearing.

Good cause having been presented to the court and GOOD CAUSE APPEARING

THEREFORE, IT IS HEREBY ORDERED that:

1. Petitioner is granted a twenty (20) day extension from the date of service of this order in which to file an opposition to Respondent's discovery motion.

2. Respondent's reply to Petitioner's opposition is due within eight (8) days, plus three (3) days for mailing, from the date on which Petitioner files the opposition.

3. The Parties shall prepare for the evidentiary hearing in accordance with the terms set forth in this order:

   a. On or before April 17, 2009, each party shall provide to the Court and opposing party a list of witnesses, including addresses and telephone numbers.  Each party may call any witnesses designated on the list.

   b. Furthermore, the parties shall exchange a copy of their exhibits on or before April 17, 2009.  Any objections to the exhibits may be raised at the hearing.  Petitioner will use numbers to mark exhibits; Respondent will use letters.

   c. Additional exhibits or witnesses will not be permitted unless:

      i. The party offering the witness or exhibit demonstrates that the witness or exhibit is for the purpose of rebutting evidence not reasonably anticipated prior to the evidentiary hearing;

      ii. The witness or exhibit was discovered after the exchange of witnesses and proffering party shows that:

         A. The witnesses or exhibit could not reasonably have discovered prior to the exchange of lists;

         B. The Court and opposing party were promptly notified upon discovery of the witness or exhibit;

         C. If time permitted, the party proffered the witness for deposition or where time did not permit, a reasonable summary of the witnesses' testimony was provided to the opposition party.

         D. The proffering party forwarded a copy of the exhibits to the

opposing party.  If such action is physically impossible, the proffering party made the exhibit reasonably available for inspect by the opposing party.

    d.    The Parties are directed to each bring an exhibit book, containing copies of their exhibits to the evidentiary hearing.  The parties shall provide the exhibit book to the Court for bench use during the hearing.

    e.    The Court shall prepare and issue the appropriate writ ad testificandum orders for Petitioner's presence at the hearing.  if the presence of any other incarcerated witness is desired, the parties shall inform the Court on or before Friday, March 27, 2009, whether any such writs are required.  The parties shall otherwise make their own arrangements for the attendance of non-incarcerated witnesses.

IT IS SO ORDERED.

**Dated:**   **March 4, 2009**                             **/s/ John M. Dixon**
                                                        UNITED STATES MAGISTRATE JUDGE