# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL THOMAS HURTH,<br><br>  Petitioner,<br><br>  v.<br><br>ROSANNE CAMPBELL,<br><br>  Respondent. | 1:05-CV-00597 OWW JMD HC<br><br>ORDER DENYING RESPONDENT'S<br>MOTION FOR DISCOVERY<br>[Doc. 39] |

Petitioner is a state prisoner proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The Court ordered an evidentiary hearing on July 14, 2008. The hearing is currently scheduled for April 28, 2009.

On February 19, 2009, Respondent filed a motion for discovery, requesting the Court direct Petitioner to produce: (1) audio tapes and notes of interviews of witnesses Petitioner intends to call at the evidentiary hearing; (2) audio tapes and notes of interviews of two witnesses whose interviews Petitioner relied upon in the instant petition for writ of habeas corpus; (3) audio tapes, notes, and transcripts of interviews Petitioner's counsel conducted of the remaining jurors. (Court Doc. 39).

On March 20, 2009, Petitioner filed an opposition to Respondent's discovery motion, claiming work product privilege protects disclosure of the materials requested by Respondent. (Court Doc. 43). Respondent filed a reply to Petitioner's opposition on March 24, 2009. (Court Doc. 44).

1

"The writ of habeas corpus is not a proceeding in the original criminal prosecution but an independent civil suit." Riddle v. Dyche, 262 U.S. 333, 335-336, 43 S.Ct. 555, 555 (1923); *see*, *e.g.* Keeney v. Tamayo-Reyes, 504 U.S. 1, 14, 112 S.Ct. 1715, 1722 (1992) (O'Connor, J., dissenting). Modern habeas corpus procedure has the same function as an ordinary appeal. Anderson v. Butler, 886 F.2d 111, 113 (5th Cir. 1989); O'Neal v. McAnnich, 513 U.S. 440, 442, 115 S.Ct. 992 (1995) (federal court's function in habeas corpus proceedings is to "review errors in state criminal trials"(emphasis omitted)). A habeas proceeding does not proceed trial and unlike other civil litigation, the parties are not entitled to broad discovery. *See* Bracy v. Gramley, 520 U.S. 899, 117 S.Ct. 1793, 1796-97 (1997); Harris v. Nelson, 394 U.S. 286, 295, 299 (1969) (finding "broad discovery provisions" of the Federal Rules of Civil Procedure inapplicable to habeas proceedings but that federal courts retained the power to "fashion appropriate modes of procedure" to dispose of habeas petitions, including discovery). Although discovery is available pursuant to Rule 6, it is only granted at the Court's discretion, and upon a showing of good cause. Bracy, 117 S.Ct. 1793, 1797; McDaniel v. United States Dist. Court (Jones), 127 F.3d 886, 888 (9th Cir. 1997); Jones v. Wood, 114 F.3d 1002, 1009 (9th Cir. 1997); Rule 6(a) of the Rules Governing Section 2254. The Court utilizes its discretion in finding that Respondent has failed to establish good cause and therefore denies Respondent's motion for discovery.

As Petitioner correctly notes, it has been eight months since the Court issued an order scheduling the evidentiary hearing. The evidentiary hearing will focus solely on whether the jurors considered extrinsic evidence–namely whether they consulted a dictionary. Considering the limited focus of the evidentiary hearing, the only witnesses that could possibly present relevant evidence were the jurors at Petitioner's trial. Respondent does not claim in either this motion nor the reply that the identity of these jurors are unknown to Respondent. While the Court does not doubt that the requested information is important to an adequate investigation and preparation for the evidentiary hearing, Respondent has not shown nor alleged a reason for the delay in obtaining this information himself given the eight months since the Court scheduled the hearing.

Furthermore, the Court finds that the material requested by Respondent is protected by

the work product doctrine. *See* Upjohn Co. v. United States, 449 U.S. 383, 399-400 (1981) (quoting *Hickman v. Taylor*, 329 U.S. 495, 513 (1947) for the proposition that "[f]orcing an attorney to disclose an attorney to disclose notes and memoranda of witnesses' oral statements is particularly disfavored" in finding that a much higher standard applies to opinion work product)[1]; *see also* McKenzie v. McCormick, 27 F.3d 1415, 1420-1421 (9th Cir. 1994) (finding interview notes were protected work product). Petitioner is correct in arguing, and Respondent does not dispute, that the Respondent's motion encompasses material that would be considered work product. While it is true that "[t]he privilege derived from the work-product doctrine is not absolute," Respondent has failed to make the requisite showing of undue hardship or substantial need. *See* United States v. Nobles, 422 U.S. 225, 239; *see also* Fed.R.Civ.P. 26(b)(3)(A)(ii) (stating that materials may be discoverable if "the party shows that it has substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means"); *see also* Holmgreen v. State Farm Mut. Auto Ins. Co., 976 F.2d 573, 576 (citing *Admiral Ins. Co. v. United States District Court*, 881 F.2d 1486, 1494 (9th Cir. 1989) in noting that, "[t]he primary purpose of the work product rule is to 'prevent exploitation of a party's efforts in preparing for litigation'").

As noted above, the parties have had eight months to conduct an adequate investigation and interview the witnesses, whose identity were known to the both parties. Considering such circumstances, the Court does not find that there existed undue hardship in obtaining a substantial equivalent by other means. Respondent has not alleged any facts which would have burdened Respondent's ability to locate the jurors and interview them. *See* McKenzie, 27 F.3d at 1420 (finding no substantial need or undue hardship where the witnesses were available, and had been deposed, by the moving party).

Additionally, Respondent admits that the information, contained in notes and audio tapes, pertaining to Brandon Herzog and Betty De La Cruz are available to him in interviews submitted to this Court in the form of exhibits. Respondent suggests however that the notes and audio

---

[1] The Court notes that the standard of undue hardship and substantial need applies to the instant case as there has been no showing by Petitioner that the materials are "opinion" work product, protected by the more stringent standard of necessity and unavailability by other means. *See* Upjohn, 449 U.S. at 401-402.

3

| | |
|---|---|
| 1 | tapes are required to test the accuracy of the witnesses' statements.  The Court does not find this |
| 2 | reason to be sufficient to meet the substantial needs requirement.  Fed.R.Civ.P. 26(b)(3)(A)(ii). |
| 3 |     Respondent's assertion that Petitioner should be compelled to turn over all oral and |
| 4 | written statements by non testifying witnesses since these witnesses have a right to their |
| 5 | statements is unavailing.  (Reply at 2-3).  The Federal Rules of Civil Procedure permits "[a]ny |
| 6 | party or other person may, on request and without required showing, obtain the person's *own* |
| 7 | previous statement..." Fed.R.Civ.P. 26(b)(3)(C) (emphasis added).  The Court finds that Rule |
| 8 | 26(b)(3)(C) does not support the proposition advanced by Respondent.  While the rule clearly |
| 9 | permits any person to obtain their own statements, the requesting party here is Respondent and |
| 10 | not the actual witnesses. |
| 11 |     Accordingly, the Court DENIES Respondent's motion for discovery. |
| 12 | IT IS SO ORDERED. |
| 13 | **Dated:   March 30, 2009**　　　　　　　　　　　　　　　　　　/s/ John M. Dixon |

　　　　　　　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE